IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| RICHARD PEAMON, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-12-1241 |
| LESLIE GRADET, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Richard Peamon, *pro se*, sued Maryland Court of Special
Appeals Clerk Leslie Gradet and Chief Judge Peter B. Krauser
(the "Defendants"), alleging constitutional violations.  For the
following reasons, the Court will grant the Defendants' motion
to dismiss.

I. Background[1]

On June 9, 2009, Peamon sued First Apostolic Faith Gospel
Tabernacle, Inc. (the "Tabernacle") and others in the Circuit
Court for Baltimore County, alleging misappropriation of
$48,000.  *See* Compl. 2, Ex. 1.  On December 14, 2011, the
circuit court dismissed the lawsuit for lack of standing.  *See*
*id.*, Ex. 1 at 20.

---

[1] For the Defendants' motion to dismiss, the well-pled
allegations in Peamon's complaint are accepted as true. *See*
*Brockington v. Boykins,* 637 F.3d 503, 505-06 (4th Cir. 2011).

On December 28, 2011, Peamon appealed to the Maryland Court of Special Appeals, where the case was erroneously styled "Richard Peamon vs. Wilbur Bolton, Esq., et al." *See* Compl. 2, Ex. 3. Bolton represents the Tabernacle. *See* Compl., Ex. 2 at 1. He is not a party to the lawsuit.

On April 24, 2012, Peamon filed this lawsuit under 42 U.S.C. § 1983, alleging that the error in case style was fraud and "therefore [his] constitutional rights of due process have been violated." Compl. 3. Peamon alleged that his "appeal has been stalled for several months." *Id.* at 4.

On April 30, 2012, the case style was corrected to "Richard Peamon v. First Apostolic Faith Gospel Tabernacle, Inc., *et al.*" *See* Mem. in Supp. of Mot. to Dismiss, Ex. 1 at 2.

On May 8, 2012, the Defendants moved to dismiss this lawsuit. ECF No. 4. On May 14, 2012, Peamon opposed the motion.[2]

II. Analysis

 A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits

---

[2] ECF No. 8. The Defendants have not filed a reply and the time to reply has passed. *See* Local Rule 105.2 (D. Md. 2011) (reply must be filed within 14 days after service of the opposition).

of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.,* 248 F.3d 321, 325-26 (4th Cir.2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 764-65 (4th Cir.2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[ ] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly,* 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679. "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--

3

that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

B. The Defendants' Motion

The Defendants argue that Peamon has failed to state a claim. Mem. in Supp. of Mot. to Dismiss 3. They argue alternatively that they are immune to suit. *Id.*

Section 1983 provides a remedy against any person who, acting under color of law, deprives another of constitutional rights. 42 U.S.C. § 1983. It "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV.   "The Fourteenth Amendment's due process clause contains both a procedural and substantive component." *Ruttenberg v. Jones*, 283 F. App'x 121, 128 (4th Cir. 2008).   To establish a violation of procedural due process, a plaintiff must show "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." *Shirvinski v. U.S. Coast Guard*,

673 F.3d 308, 314 (4th Cir. 2012).  To state a claim for violation of substantive due process, a plaintiff must allege: (1) that he had property or a property interest, (2) the state deprived him of this property or property interest, and (3) the state's action "falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency."  *Ruttenberg*, 283 F. App'x at 128.  "[I]n order to successfully allege a protectable property interest, a plaintiff must show that he . . . had a 'legitimate claim of entitlement' to the property, and not merely an 'abstract need' or 'expectation.'"  *See Herman v. Lackey*, 309 F. App'x 778, 785 (4th Cir. 2009).

Peamon has failed to state a claim for violation of substantive or procedural due process.  He has no cognizable liberty or property interest in the case style of his appeal.[3] Had such an interest existed, he would not have stated a claim because he has not alleged facts showing that the state's deprivation was "far beyond the outer limits of legitimate governmental action," or the result of a "constitutionally inadequate" process.  *See Shirvinski*, 673 F.3d at 314; *Ruttenberg*, 283 F. App'x at 128.  The erroneous case style was

---

[3] *Cf. Indus. TurnAround Corp. v. N.L.R.B.*, 115 F.3d 248, 256 n.3 (4th Cir. 1997) (alleged error in a case style did not violate due process, because the claimant had "received all of the process [it] was due").

apparently a typo, and it has been corrected.  *See* Mem. in Supp. of Mot. to Dismiss, Ex. 1 at 2.  Although Peamon asserts that his appeal has been delayed, his expectation of how quickly his appeal should be resolved does not establish a violation of due process.[4]  The Court must dismiss his complaint for failure to state a claim.[5]

III. Conclusion

For the reasons stated above, the Court will grant the Defendants' motion to dismiss.

_____
Date   7/12/12

_____
William D. Quarles, Jr.
United States District Judge

---

[4] *See Herman*, 309 F. App'x 778, 784 n.2 (had the plaintiff been able to show a cognizable property interest in a license, "that interest was ultimately realized by him, and he fail[ed] to allege that he suffered any actual loss as a result of the delay"); *Small v. Harris*, 838 F.2d 468 (table), 1988 WL 6839, *1 (4th Cir. 1988) (per curiam) ("assuming the existence of a liberty interest in a timely review, mere negligence in failing to meet the deadline does not give rise to a constitutional claim").  *Cf. City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 200 (2003) (Scalia, J., concurring) ("Freedom from delay in receiving a building permit is not among [the] 'fundamental liberty interests.'"); *Arnett v. Kennedy*, 416 U.S. 134, 157-58 (1974) (delays in an administrative hearing process did "not entail any separate deprivation of a liberty interest" because "some delay" was inherent in "the hearing procedures provided on appeal").

[5] Because Peamon has failed to state a claim, the Court need not determine whether the Defendants are immune to suit.