IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

RICHARD PEAMON,                *

    Plaintiff,             *

    v.                     *   CIVIL NO.: WDQ-12-1241

LESLIE GRADET, *et al.*,       *

    Defendants.            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION AND ORDER

Richard Peamon, *pro se*, sued Maryland Court of Special Appeals Clerk Leslie Gradet and Chief Judge Peter B. Krauser (the "Defendants"), alleging that an error in the case style of his appeal violated his "constitutional rights of due process."[1] On July 12, 2012, the Court granted the Defendants' motion to dismiss for failure to state a claim because Peamon has no cognizable liberty or property interest in the case style of his appeal.[2] ECF No. 11. On July 30, 2012, Peamon moved for reconsideration. ECF No. 19.

---

[1] Compl. 3. The error was apparently a typo, and it has been corrected. *See* Mem. in Supp. of Mot. to Dismiss, Ex. 1 at 2.

[2] The Court reasoned alternatively that, had such a right existed, Peamon would not have stated a claim because he had not alleged facts showing that any state deprivation had been "far beyond the outer limits of legitimate government action," or the result of a "constitutionally inadequate" process. *See id.* (citing *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314 (4th Cir. 2012) *and Ruttenberg v. Jones*, 283 F. App'x 121, 128 (4th Cir. 2008)).

A motion to reconsider may be construed as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), or a motion for relief from a judgment under Fed. R. Civ. P. 60(b).[3] A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls.[4] Because Peamon filed his motion for reconsideration within 18 days, Rule 59(e) will govern.

Under Rule 59(e), the Court may grant a motion to alter or amend the judgment to: (1) accommodate an intervening change in controlling law; (2) account for new evidence previously unavailable; or (3) correct a clear error of law or prevent manifest injustice. *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). A party's disagreement with the Court's decision is not a basis for granting a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Without elaboration, Peamon argues that the Court erred because "[n]o motion to dismiss can be granted with only case law precedent being presented," and the Defendants did not file

---

[3] A "judgment" is "a decree and any order from which an appeal lies," which includes final judgments and appealable interlocutory orders. *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008) (*quoting* Fed. R. Civ. P. 54(a)).

[4] *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

a reply to his opposition to the motion to dismiss. *See* ECF No. 19 at 3. Peamon also argues that he has "not had the opportunity to complete discovery" and "the federal credibility of this Court has been diminish[ed]." *Id.* at 3-4.

Peamon is not entitled to relief. He has presented no new evidence, nor has he shown a change in controlling law, a clear error, or manifest injustice. *See Gagliano*, 547 F.3d at 241 n.8. The Defendants were not required to file a reply in further support of their motion to dismiss,[5] and a party's disagreement with the Court's decision is not a basis for granting a Rule 59(e) motion, *see Hutchinson*, 994 F.2d at 1082.

Accordingly, it is, this 2d day of August, 2012, ORDERED that:

---

[5] *Cf. Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, Case Nos. MJG-01-1504, MJG-02-2504, 2009 WL 8387878, at *2 (D. Md. Dec. 21, 2009) (ruling on a plaintiff's motion for new trial although the plaintiff had not replied to the defendant's opposition). Peamon argues that, under Fed. R. Civ. P. 8, a defendant admits the assertions in an opposition by not filing a reply. *See* ECF No. 19 at 3 ("a responsive pleading is required of [the] Defendant[s] prior to granting [their] motion to dismiss" and because "no responsive pleading was enacted, [the] motion to dismiss must be void"). Rule 8, which governs pleadings, provides that a defendant admits an allegation if "a responsive pleading is required and the allegation is not denied." *See* Fed. R. Civ. P. 8(b)(6). But Rule 8 does not apply here because neither a motion to dismiss nor an opposition is a pleading. *See Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993); *Cross v. Fleet Reserve Ass'n Pension Plan*, Case No. WDQ-05-0001, 2007 WL 7022754, at *7 (D. Md. July 3, 2007), *vacated in part on other grounds by Cross v. Bragg*, 329 F. App'x 443 (4th Cir. 2009).

1. Peamon's Motion to Reconsider (ECF No. 19) BE, and HEREBY IS, DENIED; and

2. The Clerk of the Court shall send copies of this Memorandum Opinion and Order to the parties.

*/s/*
William D. Quarles, Jr.
United States District Judge